| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>TRIBUNAL DE APELACIONES<br>PANEL VII | | |
| ELECTRICAL PROFESSIONAL SERVICES, INC.<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE TRUJILLO ALTO<br><br>Recurrida<br><br>J.P. INDUSTRIAL SALES CO., INC.<br><br>Parte con interés | TA2025RA00286 | *Revisión Administrativa* procedente de la Junta de Subastas del Municipio Autónomo de Trujillo Alto<br><br>Subasta 26-003<br><br>Sobre: Adquisición de materiales para el proyecto de expansión del Programa de Reciclaje |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 7 de noviembre de 2025.

Comparece ante nos, Electrical Professional Services, Inc. ("EPS" o "recurrente"), para que revisemos la Notificación de Resolución de Adjudicación de la Subasta Formal #26-033 – Adquisición de Materiales para el Proyecto de Expansión del Programa de Reciclaje Celebrada el 10 de septiembre de 2025 ("Notificación de Adjudicación") con fecha del 2 de octubre de 2025.[1] En la cual, la Junta de Subastas del Municipio Autónomo de Trujillo Alto ("Junta de Subastas" o "recurrida") adjudicó la Subasta Pública Núm. 26-003 ("Subasta Núm. 26-003") a favor de J.P. Industrial Sales Co, Inc. ("JPI").

Por los fundamentos que a continuación expresamos, **desestimamos** el recurso de revisión de epígrafe.

---

[1] Archivada en autos y depositada en el correo el 2 de octubre de 2025.

**-I-**

Con fecha del **13 de agosto de 2025**, la Junta de Subastas publicó el Aviso de Subasta #26-003 con el objetivo de recibir propuestas para la adquisición de materiales para la implementación del proyecto de expansión del Programa de Reciclaje del Departamento de Control Ambiental del Municipio Autónomo de Trujillo Alto ("Municipio").[2] Dicho aviso notificaba que la fecha límite para la entrega de licitaciones era el 3 de septiembre de 2025. Inicialmente, la apertura estaba pautada para el mismo día a las 10:00 a.m., sin embargo, fue reprogramada para el **10 de septiembre de 2025** a las 10:00 a.m.[3]

Así, el **10 de septiembre de 2025,** la Junta de Subastas celebró la Subasta Núm. 26-003, a la cual comparecieron las compañías EPS y JPI;[4] y el **24 de septiembre de 2025**, la Junta de Subastas llevó a cabo una reunión en la que adjudicó la buena pro a **JPI**.[5] Particularmente, señaló que dicha compañía fue el postor con el precio más económico de los contenedores de 32 galones sin ruedas por el precio de $31.99 por unidad, y que dicha adjudicación, protegía el interés público y los mejores intereses del Municipio.[6]

Con fecha del **2 de octubre de 2025**, la Junta de Subastas emitió la Notificación de Adjudicación e informó que JPI fue el licitador agraciado.[7] A su vez, especificó que cualquier licitador adversamente afectado contaba con un plazo jurisdiccional de diez (10) días para acudir ante este Tribunal de Apelaciones.

---

[2] Apéndice 3 de la Entrada Núm. 1 del caso *TA2025RA00286* en SUMACTA.
[3] Apéndice 7 de la Entrada Núm. 1 del caso *TA2025RA00286* en SUMACTA.
[4] Apéndice 1 de la Entrada Núm. 3 del caso *TA2025RA00286* en SUMACTA, a la pág. 24.
[5] Apéndice 1 de la Entrada Núm. 3 del caso *TA2025RA00286* en SUMACTA, a la pág. 87.; Véase, además, Apéndice 2 de la Entrada Núm. 1 del caso *TA2025RA00286* en SUMACTA.
[6] Apéndice 1 de la Entrada Núm. 3 del caso *TA2025RA00286* en SUMACTA, a la pág. 87.; Véase, además, Apéndice 2 de la Entrada Núm. 1 del caso *TA2025RA00286* en SUMACTA.
[7] Apéndice 2 de la Entrada Núm. 1 del caso *TA2025RA00286* en SUMACTA.

Inconforme, el **14 de octubre de 2025,** EPS compareció ante nos,[8] mediante el recurso de revisión judicial de epígrafe y adujo que la Junta de Subastas cometió los siguientes errores:

> **PRIMER ERROR:**
> **ERRÓ LA JUNTA DE SUBASTAS DEL MUNICIPIO DE TRUJILLO ALTO AL OTORGAR LA BUENA PRO DE LA SUBASTA #26-003 A JP PARA LA COMPRA DE UN PRODUCTO QUE INCUMPLE CRASAMENTE CON LAS ESPECIFICACIONES Y LOS CRITERIOS ESTABLECIDOS POR EL PROPIO MUNICIPIO, CREANDO UNA DESIGUALDAD DE CONDICIONES ENTRE LOS LICITADORES.**
>
> **SEGUNDO ERROR:**
> **ERRÓ LA JUNTA DE SUBASTAS DEL MUNICIPIO DE TRUJILLO ALTO AL CONSIDERAR Y EVALUAR LA OFERTA DE UN PRODUCTO QUE INCUMPLE CON LAS ESPECIFICACIONES DEL MUNICIPIO Y AL DETERMINAR, MOTU PROPRIO, QUE LA OFERTA PRINCIPAL DE JP PARA EL CONTENEDOR DE 32 GALONES CON RUEDAS ERA LA "PROPUESTA ADICIONAL", POR LO QUE NO FUE CONSIDERADA.**
>
> **TERCER ERROR:**
> **ERRÓ LA JUNTA DE SUBASTAS DEL MUNICIPIO DE TRUJILLO ALTO AL OTORGAR LA BUENA PRO DE LA SUBASTA #26-003 A JP BASADO EN QUE SU PRECIO ERA PRESUNTAMENTE EL MÁS ECONÓMICO, CUANDO LOS PRECIOS PROPUESTOS POR JP NO INCLUYEN IMPUESTOS.**

El **21 de octubre de 2025**, este Tribunal emitió una *Resolución* en la cual concedimos un plazo de diez (10) días a la Junta de Subastas y a JPI para que presentaran sus respectivos alegatos en oposición.[9]

No obstante, el **31 de octubre de 2025,** la Junta de Subastas presentó una *MOCIÓN SOLICITANDO DESESTIMACIÓN POR ACADEMICIDAD, INFORMATIVA Y OTROS ASUNTOS.* En esencia, nos indicaba que el 30 de octubre de 2025 había notificado a las partes una *CARTA ENMENDADA - ENMIENDA A LA RESOLUCIÓN DE ADJUDICACIÓN* con ciertas enmiendas que no había incluido en la Notificación de Adjudicación del **2 de octubre de 2025**.[10]

---

[8] Entrada Núm. 1 del caso *TA2025RA00286* en SUMACTA.
[9] Notificada el 22 de octubre de 2025.; Entrada Núm. 2 del caso *TA2025RA00286* en SUMACTA.
[10] Entrada Núm. 3 del caso *TA2025RA00286* en SUMACTA.

## -II-

Constituye norma ampliamente conocida que el ejercicio de la función revisora de los tribunales está gobernado por doctrinas de autolimitación que se originan a su vez en consideraciones tanto constitucionales como de prudencia.

De igual forma, los tribunales deben observar ciertos requisitos —*previo a entrar en los méritos de un caso*—, ya que su jurisdicción se encuentra circunscrita a que el mismo sea *"justiciable"*.[11] La justiciabilidad *"[e]stá ceñida a aquellas situaciones en que estén presentes controversias reales y vivas susceptibles de adjudicación por el tribunal y donde este imparta un remedio que repercuta en la relación jurídica de las partes ante sí"*.[12] En nuestro ordenamiento:

> *[s]e ha reconocido que un caso no es justiciable cuando las partes no tienen legitimación activa, cuando un asunto carece de madurez, cuando la pregunta ante el tribunal es una cuestión política, y cuando un caso se ha tornado académico.*[13]

Entonces, un caso se torna académico cuando por el transcurso del tiempo —*debido a cambios facticos o judiciales*— el mismo pierde su carácter adversativo y el remedio que en su día pudiera concederse no tendría efectos prácticos.[14] La *academicidad* implica la falta de adversidad, en otras palabras, la ausencia de una controversia real entre las partes. En ese sentido, la doctrina de autolimitación judicial en discusión es de aplicación durante todas las fases de un pleito, lo que incluye la etapa apelativa o revisora, ya que es necesario que exista una controversia genuina entre las partes en todo momento.[15]

Por último, el Tribunal Supremo de Puerto Rico ha sido enfático en que *los tribunales deben proteger su propia jurisdicción.*

---

[11] *IG Builders et al. v. BBVAPR*, 185 DPR 307, 334 (2012); *PNP v. Carrasquillo*, 166 DPR 70, 74 (2005).
[12] *IG Builders et al. v. BBVAPR, supra*, pág. 334.
[13] *PNP v. Carrasquillo, supra*, pág. 74.
[14] *Angueira v. JLBP*, 150 DPR 10, 19 (2000).
[15] *Báez Díaz v. ELA*, 179 DPR 605, 617 (2010).

Es norma reconocida que las cuestiones relativas a la jurisdicción de los tribunales para atender los recursos ante su consideración constituyen materia privilegiada.[16] A esos fines, ha expresado reiteradamente que *"[l]os tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".*[17] La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal.[18] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de esta es insubsanable.[19]

Cónsono con dicho principio de derecho, la Regla 83 de nuestro Reglamento nos faculta para desestimar un recurso si carecemos de jurisdicción para acogerlo por cualquiera de las instancias que a continuación reseñamos:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> > (1) que el Tribunal de Apelaciones carece de jurisdicción;
> > (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> > (3) que no se ha presentado o proseguido con diligencia o de buena fe;
> > (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
> > (5) que el recurso se ha convertido en académico.
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.[20]

De conformidad con lo antes señalado, los tribunales tenemos el deber de desestimar todo pleito que haya advenido

---

[16] *AAA v. Unión Abo. AAA*, 158 DPR 273, 279 (2002).
[17] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).
[18] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).
[19] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).
[20] Regla 83 incisos (B) y (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs.115 – 117, 215 DPR ___ (2025).

académico y no tenemos discreción para negarnos a ello, dado que no existe autoridad judicial para acogerlo.[21]

**-III-**

En el presente *Recurso de Revisión Judicial,* EPS impugna la adjudicación de la Subasta Núm. 26-003. En esencia, el recurrente alegó que la Junta de Subastas erró al considerar, evaluar y otorgar la buena pro de la Subasta Núm. 26-003 a JPI. Esto a pesar de que el producto incumple con las especificaciones y los criterios establecidos por el Municipio. Sostuvo, además, que la recurrida se equivocó al otorgar la buena pro a JPI basado en que era el postor con el precio más económico cuando estos no incluían los impuestos.

No obstante, resulta preciso mencionar que la Junta de Subastas presentó el **31 de octubre de 2025,** un escrito intitulado *MOCIÓN SOLICITANDO DESESTIMACIÓN POR ACADEMICIDAD, INFORMATIVA Y OTROS ASUNTOS.*[22] En este, informó que el **30 de octubre de 2025** había emitido una *CARTA ENMENDADA – ENMIENDA A LA RESOLUCIÓN DE ADJUDICACIÓN.*[23] En dicha carta enmendada, la recurrida señaló que:

> El pasado 22 de octubre de 2025, la Junta de Subastas del Gobierno Municipal Autónomo de Trujillo Alto, durante la verificación de cumplimiento previa al otorgamiento del contrato, advirtió una omisión material en la descripción de los bienes adjudicados: en los contenedores de 32 galones no se consignó que debían incluir ruedas, conforme a los requisitos y evaluación técnica considerados. Para reflejar fielmente el resultado de la evaluación y las especificaciones exigidas, procedemos a aclarar y corregir la descripción.[24]

Por lo que, la Junta de Subastas nos señaló que la carta enmendada **corrigió** la descripción técnica de los contenedores sin alterar el resultado, ya que mantuvo a JPI como el licitador agraciado. Sin embargo, al emitir la *CARTA ENMENDADA – ENMIENDA A LA RESOLUCIÓN DE ADJUDICACIÓN* el **30 de octubre**

---

[21] *Moreno v. UPR II,* 178 DPR 969, 974 (2010).
[22] Véase, Entrada Núm. 6 del caso *TA2025RA00286* en SUMACTA.
[23] Véase, Anejo de la Entrada Núm. 6 del caso *TA2025RA00286* en SUMACTA.
[24] *Íd.,* a las págs. 1 – 2.

**de 2025**, dicha Junta de Subastas volvió a notificarle a todas las partes y allí indicó que *"[t]odo licitador adversamente afectado por esta determinación tendrá derecho a acudir al Tribunal de Apelaciones a solicitar revisión judicial dentro del término jurisdiccional de diez (10) días contados a partir de la fecha de depósito en el correo de la notificación de adjudicación. Ese foro revisará, con exclusividad, la Resolución de Adjudicación."*

Por lo cual, al notificar el nuevo término de revisión judicial de la antes dicha enmienda a la resolución de la adjudicación, torno académico el recurso de revisión judicial de epígrafe, por lo que en este momento no tenemos jurisdicción para revisar los méritos de la adjudicación recurrida.

En consecuencia, el término jurisdiccional de diez (10) días para recurrir a este Foro Apelativo comenzó a decursar a partir de la fecha del depósito en el correo de la notificación de la *CARTA ENMENDADA – ENMIENDA A LA RESOLUCIÓN DE ADJUDICACIÓN.*[25]

### -IV-

Por los fundamentos antes expuestos, **desestimamos** este recurso de revisión por falta de jurisdicción.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[25] Véase, Anejo de la Entrada Núm. 6 del caso *TA2025RA00286* en SUMACTA, a la pág. 10.